UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

BARBARA BOWEN AND LORRAINE COHEN,

                                   Plaintiffs,

              -against-

MATTHEW GOLDSTEIN, IN HIS OFFICIAL
CAPACITY AS CHANCELLOR OF THE CITY
UNIVERSITY OF NEW YORK, GAIL MELLOW, IN
HER OFFICIAL CAPACITY AS PRESIDENT OF
LAGUARDIA COMMUNITY COLLEGE; AND
FREDERICK SCHAFFER, IN HIS OFFICIAL
CAPACITY AS VICE CHANCELLOR FOR LEGAL
AFFAIRS OF THE CITY UNIVERSITY OF NEW
YORK;

                                          Defendants.
------------------------------------------------------------------- x

**ANSWER**

CV-07-10997 (RMB)

        Defendants Matthew Goldstein, Gail Mellow, and Frederick Schaffer as their Answer to plaintiff's Complaint ("complaint"), allege as follows:

        1.    Admit the allegations of paragraph 1 of the complaint, except respectfully refer any questions of law to the Court.

        2.    Deny the allegations of paragraph 2 of the complaint, except admit that LaGuardia Community College ("LaGuardia") is located in Long Island City, Queens, New York and is a community college within the City University of New York ("CUNY") system.

        3.    Admit the allegations of paragraph 3 of the complaint.

        4.    Deny the allegations of paragraph 4 of the complaint, except refer to the City University of New York ("CUNY") Policy referred to therein for the contents thereof.

5. Deny the allegations of paragraph 5 of the complaint, except refer to the LaGuardia Policy referred to therein for the contents thereof, and admit that LaGuardia staff have access to the LaGuardia email system.

6. Admit, upon information and belief, the allegations of paragraph 6 of the complaint, except respectfully refer any questions of law to the Court.

7. Deny the allegations of paragraph 7 of the complaint, except admit that the Professional Staff Congress/City University of New York ("PSC") is the exclusive bargaining representative of CUNY employees and respectfully refer any questions of law to the Court.

8. Deny the allegations of paragraph 8 of the complaint, except admit that PSC and CUNY were parties to a collective bargaining agreement and refer to that agreement for the terms and contents thereof.

9. Deny the allegations of paragraph 9 of the complaint, except refer to the CUNY Policy and the October 30, 2007 letter referred to therein for the contents thereof.

10. Deny the allegations of paragraph 10 of the complaint, except admit that plaintiffs seeks to invoke the jurisdiction of the Court.

11. Deny the allegations of paragraph 11 of the complaint, except admit that this action is venued in this district.

12. Admit, upon information and belief, the allegations of paragraph 12 of the complaint.

13. Admit, upon information and belief, the allegations of paragraph 13 of the complaint.

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14 of the complaint, except admit, upon information and belief, that plaintiff Cohen is the chairperson of the LaGuardia faculty chapter.

15. Deny the allegations of paragraph 15 of the complaint, except admit that defendant Goldstein is sued herein in his official capacity, is the Chancellor of CUNY, and refer to the bylaws of CUNY for the duties and responsibilities of said position.

16. Deny the allegations of paragraph 16 of the complaint, except admit that defendant Schaffer is sued herein in his official capacity.

17. Deny the allegations of paragraph 17 of the complaint, except admit that defendant Mellow is sued herein in her official capacity, is the President of LaGuardia, and refer to the bylaws of CUNY for the duties and responsibilities of said position.

18. Deny the allegations of paragraph 18 of the complaint, except refer to the CUNY Policy referred to therein for the contents thereof.

19. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19 of the complaint.

20. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20 of the complaint.

21. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21 of the complaint.

22. Deny the allegations of paragraph 22 of the complaint, except refer to the LaGuardia Policy referred to therein for the contents thereof.

23. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23 of the complaint.

24. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 24 of the complaint.

25. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 25 of the complaint, except admit that members of the LaGuardia community use the email system for a wide variety of matters.

26. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 26 of the complaint.

27. Admit the allegations of paragraph 27 of the complaint, and refer to the email dated October 22, 2007 referred to therein for the contents thereof.

28. Deny the allegations of paragraph 28 of the complaint, except refer to the letter dated October 30, 2007 referred to therein for the contents thereof, and admit that defendant Mellow told plaintiff Cohen that the October 30 letter was coming and that PSC would not be permitted to use the LaGuardia email system for union business.

29. Deny the allegations of paragraph 29 of the complaint, except refer to the email dated November 6, 2007 referred to therein for the contents thereof.

30. Deny the allegations of paragraph 30 of the complaint, except refer to the email dated November 9, 2007 and letter from defendant Schaffer referred to therein for the contents thereof.

31. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 31 of the complaint.

32. Deny the allegations of paragraph 32 of the complaint, except refer to the letter dated November 15, 2007 referred to therein for the contents thereof.

33. Deny the allegations of paragraph 33 of the complaint.

34. In response to the allegations of paragraph 34 of the complaint, defendants repeat and reallege the responses set forth in paragraphs 1 through 33 above.

35. Deny the allegations of paragraph 35 of the complaint.

36. Deny the allegations of paragraph 36 of the complaint.

37. Deny the allegations of paragraph 37 of the complaint.

38. In response to the allegations of paragraph 38 of the complaint, defendants repeat and reallege the responses set forth in paragraphs 1 through 37 above.

39. Deny the allegations of paragraph 39 of the complaint.

40. Deny the allegations of paragraph 40 of the complaint.

41. Deny the allegations of paragraph 41 of the complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

42. The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

43. Plaintiffs lack standing to assert the claims set forth in the complaint.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

44. The claims asserted herein are barred in whole or in part by reason of the qualified immunity to which defendants are entitled.

### AS FOR A FOURTH AFFIRMATIVE DEFENSE

45. The claims asserted herein are a matter for collective bargaining and are not a proper subject of litigation.

**WHEREFORE,** defendants herein request judgment:

A. Dismissing the complaint and denying all relief requested therein;

B. Granting defendants herein such other and further relief as the Court deems just and proper.

Dated:     New York, New York
           January 18, 2008

                                       MICHAEL A. CARDOZO
                                       Corporation Counsel of the City of New York
                                       Attorney for Defendants
                                       100 Church Street, Room 2-186
                                       New York, New York 10007
                                       (212) 788-0954

                                By: _____
                                       Lawrence J. Profeta
                                       Assistant Corporation Counsel (LP-5674)


TO:    Meyer, Suozzi, English & Klein, P.C.
         Attorneys for Plaintiffs
         1350 Broadway, Suite 501
         New York, NY 10018-0822
         (212) 239-4999

## CERTIFICATE OF SERVICE

I hereby certify that on January 18, 2008, I caused to be served by first-class United States mail, postage pre-paid, a true and correct copy of the annexed Answer by depositing same in a container under the control or custody of the U.S. Postal Service addressed to the following:

Meyer, Suozzi, English & Klein, P.C.
1350 Broadway, Suite 501
New York, NY 10018-0822

this being the addresses designated for service by plaintiff.

Dated:    New York, New York
          January 18, 2008

_____
Lawrence J. Profeta

Case No. CV-07-10997 (RMB)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BARBARA BOWEN AND LORRAINE COHEN,

Plaintiffs,

-against-

MATTHEW GOLDSTEIN, IN HIS OFFICIAL CAPACITY AS CHANCELLOR OF THE CITY UNIVERSITY OF NEW YORK, GAIL MELLOW, IN HER OFFICIAL CAPACITY AS PRESIDENT OF LAGUARDIA COMMUNITY COLLEGE; AND FREDERICK SCHAFFER, IN HIS OFFICIAL CAPACITY AS VICE CHANCELLOR FOR LEGAL AFFAIRS OF THE CITY UNIVERSITY OF NEW YORK,

Defendants.

**ANSWER TO COMPLAINT**

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street, Room 2-186*
*New York, N.Y. 10007*

*Of Counsel: Lawrence J. Profeta*
*Tel: (212) 788-0954*
*NYCLIS No. 2007-039415*

*Due and timely service is hereby admitted.*

*New York, N.Y. ............................................., 200__*

*..................................................................Esq.*

*Attorney for..........................................................*